IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.	CRIMINAL NO. 1:17CR80-LG-RHW

LUIS ANDROVER LAGARES

## ORDER DENYING MOTION IN LIMINE

BEFORE THE COURT is the [18] Motion in Limine filed by the defendant, Luis Androver Lagares. The defendant seeks to preclude the government from introducing evidence of "efforts by the defendant to sell Puerto Rican birth certificates and corresponding Social Security numbers to undocumented workers to enable them to obtain jobs in the maritime industry in Pascagoula." This case arose after a potential employer questioned his certification as a Chief Engineer in 2017, the Coast Guard found that it had been issued in error, and then opened an investigation. The defendant was subsequently charged with "knowingly and willfully us[ing] and exhibit[ing] a United States Coast Guard Merchant Mariner Chief Engineer license without being lawfully entitled thereto," in violation of 18 U.S.C. § 2197. (Superseding Indict., ECF No. 28).

The government informed the defendant that it intended to offer evidence concerning an investigation conducted earlier by Homeland Security, in 2013. In that investigation, the defendant was asked by an informant for Puerto Rican identity documents. The government states that during the recorded conversation, the defendant "indicates his willingness to procure identity documents from 'the island' for the informant to provide to prospective workers." (Gov't Resp. 2, ECF

No. 24). The defendant reportedly asked about the ages needed and said he would be willing to sell each set for $1100.00. (*Id*.). The Court has reviewed the transcript provided and agrees with this characterization of the defendant's statements.

The defendant argues that introduction of this evidence violates Federal Rule of Evidence 404(b) for two reasons. First, because it is a purported bad act without sufficient evidence to support it, as the defendant "showed an unwillingness to provide Puerto Rican identity documents after repeated attempts to entice and persuade him to do so." (Def. Mem. 4, ECF No. 19). Second, the defendant argues that even if the bad act was supported with evidence, it is not relevant to any issue other than his character, and in any event is stale.

The government argues that the defendant's own recorded words are sufficient evidence that he was engaged in the procurement and sale of false identity documents from Puerto Rico, and that this evidence shows intent, state of mind and absence of mistake – all proper purposes under Rule 404(b).

It is the Court's opinion that defendant's recorded conversation with the confidential informant is admissible. If, as the defendant argues, the recording shows that the defendant was unwilling to provide false documents, then there is no evidence of a bad act. If the recording shows that the defendant was willing and discussed terms with the informant, then that evidence gives the jury information about whether the defendant knew his own credentials were false and he intended to have them. Furthermore, the three years that elapsed between the recorded conversation and defendant's receipt of the false credential is not a gap that reduces

the relevancy of the evidence.  *See United States v. Grimes*, 244 F.3d 375, 385 (5th Cir. 2001) (two or three year gap is acceptable, while ten years is too remote).

The defendant argues that even if the Court finds the evidence admissible, it should be excluded under Federal Rule of Evidence 403, because the probative value outweighs the prejudicial effect.  This argument is based on the defendant's assertion that there is no evidence that he ever sold identity documents.  However, there is evidence in the form of the defendant's recorded statements that he had just sold identity documents to two people and would be willing to sell more for $1100 per set.  Although undoubtedly damaging, the probative value of the recorded telephone conversation outweighs the prejudicial effect.  This evidence will not be excluded under Rule 403.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [18] Motion in Limine filed by the defendant is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of January, 2018.

<u>s/ *Louis Guirola, Jr.*</u>
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE